# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PANKAJ MERCHIA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 23-03914 (UNA) |
| KEVIN RICHARD, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1, and motion for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the motion and dismiss the complaint for lack of subject-matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a Florida citizen residing in Boca Raton, Florida, has sued "personally" a resident of Boston, Massachusetts. Compl. Caption; *see* Compl. at 2. Allegedly, Defendant "made false accusations of fraud that maliciously defamed and intentionally emotionally harmed [Plaintiff] to unjustly advance his career," *id*. at 2, by ignoring "the truth and medical billing procedures" of a health insurance company Plaintiff has sued separately in this court. *See Merchia v. Harvard Pilgrim Healthcare, Inc*., No. 23-cv-3913 (UNA).

The instant personal injury complaint "must meet the standards of diversity," *Bigelow v. Knight*, 737 F. Supp. 669, 670 (D.D.C. 1990), of which "[c]itizenship is an essential element" that cannot be established by "an allegation of residence alone." *Novak v. Cap. Mgmt. & Dev. Corp*., 452 F.3d 902, 906 (D.C. Cir. 2006) (cleaned up). Because "failing to establish citizenship is not a mere technicality," the party seeking to proceed in diversity must plead "the citizenship of each and every party to the action." *Id*. Plaintiff has not met his burden of pleading Defendant's citizenship. Consequently, this case will be dismissed by separate order.

                                                                                                                                                      /s/

                                                            CHRISTOPHER R. COOPER

Date: January 25, 2024                                                           United States District Judge